IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER SANDERS, SR.,       ) | |
|       ) | |
|    Plaintiff,       ) | |
|       ) | |
|    v.       ) | Civil Action No. 2:17cv819-WHA |
|       ) | [WO] |
| UNITED STATES OF AMERICA, *et al.*,       ) | |
|       ) | |
|    Defendants.       ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

On November 27, 2017, Christopher Sanders, Sr., a federal inmate at FCI Butner in Butner, North Carolina, filed a *pro se* complaint invoking 28 U.S.C. § 1983 against the United States of America and "Mytab Gas Pills." Doc. 1.  Sanders' complaint consists of disjointed, somewhat nonsensical allegations.  He states that from April 2017 through October 2017, while confined at FCI McDowell (in Welch, West Virginia), he was given an over-the-counter gas-relief medication (Mytab) by prison medical staff. Doc. 1 at 3.  He states that the Mytab made him "very cold, high, sick [and] ill." Doc. 1 at 3.  According to Sanders, the Mytab "is coming from Alabama." Doc. 1 at 3.  Sanders states that he reported the matter to a district court judge in Alabama, that the matter "should be looked into," and that he would "like to know why it was done again" at FCI McDowell. Doc. 1 at 3.  Sanders asks that the court "let [his] wife Solange Knowles know" that he has sent a complaint to this court. Doc. 1 at 3.  In addition, he states, "Yes Roy Moor is wrong so CNN says etc.

Fill free to aske questions [sic]." Doc. 1 at 3.

## II.  DISCUSSION

In connection with his complaint, Sanders has filed an application for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Doc. 2.  However, under 28 U.S.C. § 1915(g), commonly called the "three-strikes rule," a prisoner may not bring a civil action *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

Sanders is an established multi-district frequent filer.  A cursory search of cases on the PACER system reveals he has filed civil suits in multiple federal district courts dismissed as frivolous and vexatious or subject to dismissal under § 1915(g)'s three-strikes rule. *See, e.g., Sanders v. United States, et al.*, No. 4:17cv509-BSM (E.D. Ark. Oct. 10, 2017) (treating Sanders as a "three-striker"); *Sanders v. United States, et al.,* No. 5:17cv252-WTH (M.D. Fla. June 19, 2017) (same).  There is ample basis for dismissing

---

[1] Title 28, § 1915(e) requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).  "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hawkins v. Coleman Hall*, C.C.F., 2011 WL 5970977, at *2 (3d Cir. Nov. 30, 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact.") (citing *Neitzke*, 490 U.S. at 325).  Pursuant to § 1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, 2010 WL 1463011, at *1 (E.D. Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, 2007 WL 188971, at *1 (E.D. Wis. Jan. 22, 2007) (citing *Neitzke*, 490 U.S. at 327)).

Sanders' instant action by applying § 1915(g)'s three-strikes rule.[2] The court relies on the following cases filed by Sanders while incarcerated or detained and dismissed as frivolous or malicious or for failing to state a claim on which relief may be granted: (1) *Sanders v. United States*, 1:17cv2909 (N.D. Ill. May 12, 2017) (dismissed for failure to state a claim and as frivolous); *Sanders v. United States*, 4:17cv1110 (S.D. Tex. Apr. 27, 2017) (dismissed as frivolous); *Sanders v. United States, et al.*, 4:17cv227-ACL (E.D. Mo. Feb. 23, 2017) (dismissed as frivolous).

The allegations made the basis of Sanders' complaint fail to demonstrate that he was "under imminent danger of serious physical injury" when he filed this complaint, as required to meet the imminent danger exception to application of 28 U.S.C. § 1915(g).[3] *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)).

The court therefore concludes that Sanders' motion for leave to proceed *in forma pauperis* should be denied and this case dismissed without prejudice for Sanders' failure

---

[2] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the court determined that the three strikes provision of 28 U.S.C. § 1915(g) "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court abrogated *Rivera*, but only to the extent *Rivera* required an inmate to plead exhaustion of remedies in his complaint, as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."

[3] "'Imminent' dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (en banc). Vague, general, or conclusory allegations are insufficient to establish that a plaintiff is in imminent danger. *See Ball v. Famiglio*, 726 F.3d 448, 468 (3d Cir. 2013), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759 (2015).

to pay the requisite $400 filing fee upon initiating this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit.").

### III.   CONCLUSION

Accordingly, it is ORDERED that the motion for leave to proceed *in forma pauperis* filed by Sanders (Doc. 2) is DENIED.  Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Sanders's failure to pay the full filing fee upon initiating this case.

It is further ORDERED that the parties shall file any objections to this Recommendation or before **December 23, 2017.**  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE on the 8th day of December, 2017.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE